Judgment rendered June 10, 2020.

No. 53,465-KA

ON REHEARING

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CHEREKITA Y. MOREHEAD                 Appellant

* * * * *

On Rehearing
Originally Appealed from the
Thirty-Seventh Judicial District Court for the
Parish of Caldwell, Louisiana
Trial Court No. 95,919

Honorable Ashley P. Thomas, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Sherry Watters

BRIAN E. FRAZIER                                   Counsel for Appellee
District Attorney

CHARLES L. COOK
Assistant District Attorney

* * * * *

Before WILLIAMS, MOORE, PITMAN, COX, and THOMPSON, JJ.

**THOMPSON, J.**

Cherekita Morehead was convicted of manslaughter in the 37th Judicial District Court, Parish of Caldwell, Louisiana, and she timely sought appeal of her conviction and corresponding 25-year sentence. This court, in *State v. Cherekita Morehead*, 53,465 (La. App. 2d Cir. 04/22/20), ___So. 3d ___, *reh'g granted*, affirmed the sentence and conviction, which was reached by a non-unanimous jury in a 10-2 vote. Immediately prior to this court rendering its original opinion affirming Morehead's conviction, the United States Supreme Court, in *Ramos v. Louisiana*, 139 S. Ct. 1318, 203 L. Ed. 2d 563 (2019), established that among the rights afforded criminal defendants by the United States Constitution and the amendments thereto is the right to require a unanimous jury in order to be convicted of a serious offense. As *Ramos* was decided prior to the rendering of this court's original opinion, and as manslaughter is a serious offense, Morehead is entitled to have her non-unanimous conviction reversed, her sentence vacated, and this matter remanded to the district court.

## FACTS AND PROCCEDURAL HISTORY

The testimony and evidence contained in the record of the events leading up to and immediately following the shooting death of the victim, Eugene Brown, by Cherekita Morehead, are detailed in this court's original opinion. Those events need not be reproduced here, having previously been detailed, as they are irrelevant to the present question of whether a conviction by a non-unanimous jury is constitutional. That determination has recently been resolved by the United States Supreme Court, and it is incumbent on this court to apply the law in accordance therewith.

Morehead's jury trial commenced on May 21, 2019, and on May 24, 2019, the jury returned a verdict of guilty of manslaughter by a vote of 10-2. A presentence investigation was ordered. On August 13, 2019, Defendant was sentenced to 25 years' imprisonment at hard labor. A motion to reconsider sentence was denied. This appeal followed. This court rejected the three assignments of error set forth by Morehead and affirmed the conviction and sentence in its original opinion. *See supra*. Morehead timely filed a motion for rehearing, which was granted by this court. We now revisit the assignment of error challenging the conviction by a non-unanimous jury.

## DISCUSSION

<u>**Assignment of Error**</u>: The trial court erred in declaring a legal verdict where the verdict was not unanimous. A non-unanimous verdict violates due process and cannot support a conviction.

On review, the defendant argues that the non-unanimous verdict eased the State's burden and allowed a conviction on evidence that did not meet the burden of proof required or establish all of the necessary elements. Defendant further argues that a conviction based upon a non-unanimous verdict does not satisfy due process requirements.

In response, the state argues that the constitutionality of La. C. Cr. P. art. 782 may not be considered by this Court because it was not properly raised in the trial court below. The state further argues that the Louisiana Supreme Court has previously rejected the arguments set forth by Defendant and that La. C. Cr. P. art. 782 is constitutional.

The recent amendments to La. Const. art. I, § 17 and La. C. Cr. P. art. 782, which now require unanimous verdicts in felony cases, would now apply to Defendant's case as given the recent United States Supreme Court

holding in *Ramos v. Louisiana*, 139 S. Ct. 1318, 203 L. Ed. 2d 563 (2019). In that case, the Court held that the Sixth Amendment right to a jury trial, as incorporated by the 14th Amendment, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts. *Id*.

In this case, the jury was not unanimous in finding the defendant guilty of the offense charged. Applying the ruling in *Ramos*, we now reverse the defendant's conviction, vacate her sentence, and remand this matter to the district court.

As we are granting the relief sought in the assignment of error addressing the issue of conviction by a non-unanimous jury, we pretermit any further discussion or review of any other assignments of error.

**CONCLUSION**

For the aforementioned reasons, Defendant's conviction is reversed and the sentence vacated. We remand this matter to the trial court for further proceedings consistent with this opinion.